

**U.S. Department of Justice**

*Criminal Division*

*Fraud Section*

*Bond Building*
*1400 New York Ave., NW*
*Washington, D.C. 20530*
*Direct dial: 202.514.6220*

January 4, 2024

RECEIVED
JUN 17 2024
ROBERT KIRSCH
U.S. DISTRICT JUDGE

Steven Y. Yurowitz
YurowitzLaw PLLC
950 Third Avenue – 31st Floor
New York, NY 10022

Re:    Plea Agreement with Aron Puretz

Dear Mr. Yurowitz:

This letter sets forth the plea agreement between your client, Aron Puretz (Defendant), the Fraud Section of the Department of Justice, and the United States Attorney for the District of New Jersey ("the Government"). This offer will expire on January 11, 2024, if it is not accepted in writing by that date. If Defendant does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of the Government's investigation.

Charge

Conditioned on the understandings specified below, the Government will accept a guilty plea from Defendant to a single Count Information, which charges Defendant with Conspiracy to Commit Wire Fraud Affecting a Financial Institution. If Defendant enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, the Government will not initiate any further criminal charges against Defendant for committing or conspiring to commit commercial mortgage fraud, fraud related to JPC charities, and/or any related fraud on investors or federal agencies in connection with the commercial properties between January 1, 2014 and December 15, 2023.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, the Government may initiate any other charges against Defendant even if the applicable statute of limitations period for those charges expires after Defendant signs this agreement, and Defendant agrees not to assert that any such charges are time-barred.

<u>Sentencing</u>

The violation of Title 18 U.S.C. Section 371 to which Defendant agrees to plead guilty to the single Count of the Information carrying the penalty of a statutory maximum prison sentence of 5 years and a statutory maximum fine of not more than $250,000, or twice the gain or loss, whichever is greater. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Defendant is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. The Government cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Defendant ultimately will receive.

Further, in addition to imposing any other penalty on Defendant, the sentencing judge as part of the sentence:

(1)     will order Defendant to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2)     must order Defendant to pay restitution pursuant to 18 U.S.C. § 3663;

(3)     may order Defendant, pursuant to 18 U.S.C. § 3555, to give reasonable notice and explanation of the conviction to any victims of his offense;

(4)     must order forfeiture, pursuant to 18 U.S.C. § 982;

(5)     pursuant to 18 U.S.C. § 3583 must require Defendant to serve a term of supervised release of not more than 2 years which will begin at the expiration of any term of imprisonment imposed. Should Defendant be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Defendant may be sentenced to not more than two (2) years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

Defendant understands, and has fully discussed with Defendant's attorney, that the Court shall order total restitution in this case pursuant to 18 U.S.C. § 3663A and that Defendant agrees to pay the restitution ordered by the Court whether to an identifiable victim or the community. Defendant agrees that the total amount of restitution reflected in this Plea Agreement results from Defendant's conduct as described in the Information to which the Defendant is entering a plea of guilty.

Defendant agrees that the restitution, restitution judgment, payment provisions, and collection actions of this Plea Agreement are intended to, and will, survive Defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. Defendant further agrees that any restitution collected and/or distributed will survive him, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement.

The restitution described above shall be paid through the Office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

Forfeiture

As part of Defendant's acceptance of responsibility, and pursuant to 18 U.S.C. § 982, Defendant agrees to forfeit to the United States all of right, title, and interest in any property, real or personal, which constitutes or was derived from proceeds Defendant obtained that are traceable to the offense charged in the Information. Defendant further acknowledges that, if one or more of the conditions set forth in 21 U.S.C. § 853(p) exist, that the United States is entitled to forfeit substitute assets equal to the value of the proceeds obtained by the defendant consents to the entry of an order requiring Defendant to pay the Money Judgment, in the manner described below (the "Order"), and that the Order will be final as to Defendant prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets.

Rights of the Government Regarding Sentencing

Except as otherwise provided in this agreement, the Government may take any position with respect to the appropriate sentence to be imposed on Defendant by the sentencing judge. The Government may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And the Government may inform the sentencing judge and

the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Defendant's activities and relevant conduct with respect to this case.

Stipulations

The Government and Defendant will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of the Government is based on the information and evidence that the Government possesses as of the date of this agreement. Thus, if the Government obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind the Government. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, the Government and Defendant waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

Immigration Consequences

Defendant understands that, if Defendant is not a citizen of the United States, Defendant's guilty plea to the charged offense will likely result in Defendant being subject to immigration proceedings and removed from the United States by making Defendant deportable, excludable, or inadmissible, or ending Defendant's naturalization. Defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause Defendant's removal from the United States. Defendant understands that Defendant is bound

- 4 -

by this guilty plea regardless of any immigration consequences. Accordingly, Defendant waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Defendant also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the Fraud Section of the Department of Justice and the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, the Government will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Defendant. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude Defendant from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between Defendant and the Government and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney


Martha Nye
Assistant United States Attorney

GLENN S. LEON
Chief, Fraud Section
Criminal Division

By:   *Siji Moore*

Babasijibomi Moore
Trial Attorney

I have received this letter from my attorney, Steven Y. Yurowitz, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____
Aron Puretz
Defendant

Date:

I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____
Steven Y. Yurowitz, Esq.
Counsel for Defendant

Date:

Plea Agreement with Aron Puretz

Schedule A

1.     The Government and Defendant recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2.     The version of the Guidelines effective November 1, 2023 applies in this case.

3.     The applicable guideline is U.S.S.G. § 2B1.1(a)(2). This guideline carries a Base Offense Level of 6.

Loss (U.S.S.G. § 2B1.1(b)(1)(k)) (loss $9.5MM-$25MM)     +20

Sophisticated Means 2B1.1(b)(10)     +2

4.     As of the date of this letter, Defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and the court to allocate their resources efficiently. At sentencing, the Government will move for a further 1-point reduction in Defendant's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Defendant enters a plea pursuant to this agreement, (b) the Government, in its discretion, determines that Defendant's acceptance of responsibility has continued through the date of sentencing and Defendant therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Defendant's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

5.     Accordingly, if defendant's acceptance of responsibility continues through the date of sentencing the parties agree that the total Guidelines offense level applicable to Defendant is 25 (the "Total Offense Level").[1]

The parties agree not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But each party may seek a variance from that Guidelines range, which the other party may oppose.

---

[1]     If the defendant does not receive any criminal history points under the 2023 Guidelines Manual, then the United States agrees not to object to the application of U.S.S.G. § 4C1.1, which would result in a further 2-point reduction to Defendant's Total Offense Level.

If the term of imprisonment does not exceed 60 months, and except as specified in the next paragraph below, Defendant will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

6.      Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(a)     Any proceeding to revoke the term of supervised release.

(b)     A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(c)     An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).